Sydney F. Foster, J.
These proceedings, brought by several petitioners under article 78 of the CPLR, involve substantially the same issue or issues. For the purposes of this memorandum, and for the sake of convenience, the singular term petitioner will hereinafter be used. The respondents, State Liquor Authority and the State Comptroller, have moved to dismiss the petition herein.
Petitioner is duly licensed to sell liquor and wine at wholesale pursuant to the provisions of the Alcoholic Beverage Control Law (hereinafter referred to as the A. B. C. Law). Respondent, State Liquor Authority (hereinafter referred to as SLA), has collected a fee from petitioner for the issuance of a brand label use permit in connection with the sale of liquor and pursuant to the provisions of section 99-a of the A. B. C. Law (as added by L. 1963, ch, 204, § 32). Paragraph (a) of subdivision 1 of •said section 99-a provides: “no manufacturer or wholesaler of liquor, wine or beer shall sell or solicit any order for any liquor, wine or beer in the state, the container of which bears a label stating the brand or trade name of the owner or producer, unless each brand label shall first have been registered with and approved by the authority pursuant to the provisions of section one hundred seven-a of this chapter and a brand label use permit has been issued by the authority in accordance with the provisions of this section.”
The fee part of the statute, paragraph (a) of subdivision 3, reads in part as follows: ‘ ‘ For the exercise of the privilege granted by any brand label use permit issued pursuant to this section, each manufacturer or wholesaler who is the holder of such a permit .shall pay to the authority a fee, based upon the gallons of liquor, wine or beer sold in the state under such brand or trade name-”,
Paragraph (d) of subdivision 3 of the statute provides: “ The above fees shall not be applicable where alcoholic beverages are sold to the United States or under any other circumstances where the sale of .such alcoholic beverages would be exempt from excise taxes under the provisions of article eighteen of the tax law.”
Section 432 of article 18 of the Tax Law, insofar as pertinent here, simply provides that no provision of such article (taxes on liquor sold or used within this State) shall apply or be construed to apply to foreign or interstate commerce.
It is the contention of petitioner that the fees prescribed by section 99-a of the A. B. C. Law for the issuance of a brand label use permit are inapplicable to the sale of liquor imported *159 by petitioner and sold by it in the packages of original importation; and that if the section does require the payment of fees, It is unconstitutional as an import duty and in violation of ■section 10 of article I of the United States Constitution. On the basis of the foregoing, petitioner filed with the respondent SLA claims for refunds of payments made during various periods on sales of imported alcoholic beverages sold in the package of original importation. Such claims were rejected, and hence this proceeding in which, among other forms of relief, petitioner seeks an order of refund. There are no disputed issues of fact, since the respondents by their motion to dismiss concede the facts set forth in the petition, but this of course does not include conclusions or matters of law.
The contention of petitioner that section 99-a does not apply to its sales of brand liquor in packages of original importation necessarily depends upon whether the fees prescribed by the statute are found to be import duties, for the prohibition contained in section 432 of the Tax Law as evidenced by its language extends only to foreign or interstate commerce, and in turn whether the exemption in section 99-a (subd. 3, par. [d]) of the A. B. C. Law extends only to excise taxes prohibited under section 432 of the Tax Law. Hence the only real issue is whether the fees charged petitioner for the exercise of the privilege granted by a brand label use permit are in violation of the United States Constitution (art. I, § 10, cl. 2) which provides: “ No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing it’s inspection Laws ”.
The original package doctrine as related to imports was first enunciated by the Supreme Court in the case of Brown v. Maryland (12 Wheat. [25 U. S.] 419). There the court declared unconstitutional a license charge levied against importers by the State of Maryland. The court said among other things (p. 442): “ but while remaining the property of the importer, in his warehouse, in the original form or package in which it was imported, a tax upon it is too plainly a duty on imports, to escape the prohibition in the constitution.” This was in 1827. The effect of this decision was modified in 1890 when Congress passed the so-called Wilson Act or Original Packages Act (U. S. Code, tit. 27, § 121; 26 U. S. Stat. 313). The title to this Act was ‘ ‘ An Act to limit the effect of the regulations of commerce between the several States and with foreign countries in certain cases ”, and it provided: “ § 121. State statutes *160 as operative on termination of transportation; original packages. All fermented, distilled, or other intoxicating liquors or liquids transported into any State or Territory or remaining therein for use, consumption, sale or storage therein, shall upon arrival in such State or Territory be subject to the operation and effect of the laws of such State or Territory enacted in the exercise of its police powers, to the same extent and in the same manner as though such liquids or liquors have been produced in such State or Territory, and shall not be exempt therefrom by reason of being introduced therein in original packages or otherwise.”
Patently, under the language of the foregoing act, so far as liquor is concerned, the import process ceased upon the arrival of liquor in a State and subjected the same to State regulation whether or not such liquor was still in the original package of importation. Such was the view of the Supreme Court in 1913 (DeBary v. Louisiana, 227 U. S. 108; see, also, Department of Revenue v. James Beam Co., 377 U. S. 341). Subsequently of course came the Eighteenth Amendment to the Constitution of the United States (in effect Jan. 16, 1920) which prohibited the manufacture, sale or transportation of intoxicating liquors in this country. Thereafter the Eighteenth Amendment was repealed by the Twenty-first Amendment to the Federal Constitution (in effect Dec. 5, 1933). Of course during the tenure of the Eighteenth Amendment the Wilson Act became a dead letter for there was nothing for the States to regulate, but the act was never repealed. The Twenty-first Amendment gave recognition to the States’ power to control the transportation or importation of intoxicating liquors into any State, but it did not affect in any way so far as can be seen the operation of the Wilson Act. There is authority to the effect that such act is still in effect (Hostetter v. Idlewild Liq. Corp., 377 U. S. 324, 333, n. 11; Department of Revenue v. James Beam Co., 377 U. S. 341, 345-346, n. 7, supra).
Aside from all this the language of section 99-a clearly indicates that the brand label use fee is not a tax on imports but rather a charge for the privilege of selling a particular brand of liquor in this State. It applies to all brand label sales where a permit is granted regardless of whether the liquor was manufactured in the State, shipped in from other States or imported from a foreign country. Measurement of the privilege fee by the volume of brand label liquors sold is a valid exercise of regulatory power by the State, for the fee is not imposed on liquor as such but for the privilege of using a brand name *161 (see Educational Films Corp. v. Ward, 282 U. S. 379; Canton R. R. Co. v. Rogan, 340 U. S. 511).
The conclusion is reached that the challenged fee is not an import duty on imported goods; and such fee does not contravene section 432 of the Tax Law.
Petition dismissed without costs.
In the proceedings brought by the Cardinal Distributors Inc., and Universal Liquor Corporation, the petitions are also dismissed without costs for the reasons stated in the foregoing memorandum. It is unnecessary to reach the issue of petitioners’ status.
The petition in the proceeding brought by Knickerbocker Liquors Corporation is also dismissed without costs.